**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 00-50066-01

VERSUS                                       JUDGE DONALD E. WALTER

CURTIS ALAN WHARTON

**<u>MEMORANDUM ORDER</u>**

Before the Court is a motion for compassionate release filed by the defendant, Curtis Alan

Wharton ("Wharton").  <u>See</u> Record Document 376.  The Federal Public Defendant notified the

Court that it would not be enrolling on behalf of Wharton.  The Government opposes Wharton's

motion.  <u>See</u> Record Document 380.  Wharton filed a reply.  <u>See</u> Record Document 385.  Based

on the following, the motion for release is **DENIED**.

Wharton was charged, along with a co-defendant, in all counts of an eighteen-count

superseding indictment charging foreign murder of a United States national, conspiracy to kill in

a foreign country, fraud by interstate carrier, mail fraud, and wire fraud.  <u>See</u> Record Document

35.  Following a trial by jury, Wharton was found guilty on all counts.  On July 26, 2001, Wharton

was sentenced by this Court to a term of life imprisonment as to Count One, life imprisonment as

to Count Two (to run concurrently with the sentence imposed in Count One), and five years as to

each count for Counts Three through Eighteen to run consecutively to one another and concurrent

with the sentences imposed in Counts One and Two.  Wharton is currently housed at the United

States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").

Wharton filed a motion seeking compassionate release requesting immediate release or a

reduction of his sentence to thirty years based on his "vulnerability to COVID-19 due to underlying

health conditions; the defendant's age and family circumstances" (an ill and aging mother and an

ill sister who is currently his mother's caregiver).[1]  Record Document 376 at 3.  Wharton also

relies on his "extraordinary rehabilitation efforts" in support of his request.[2]  Id. at 5.  The

Government concedes that Wharton has exhausted his administrative remedies by filing a request

through the Bureau of Prisons ("BOP") and the request was denied.  See Record Document 380 at

3.

The Government maintains that Wharton's motion fails on the merits, arguing that Wharton

has not established an extraordinary and compelling reason for release as the term is defined in

Section 3582(c)(1)(A).  See id.  Although Wharton asserts that he is entitled to compassionate

release based on his age and medical issues related to his previous melanoma diagnosis, his

medical records reveal that he has received both doses of the COVID-19 vaccine, in addition to a

booster shot.  See id., Ex. 2.  The Government further contends that the factors contained in 18

U.S.C. § 3553(a) weigh against Wharton's release.  See id.

A judgment, including a sentence of imprisonment, "may not be modified by a district

court except in limited circumstances."  Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct.

2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of

imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence

under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by

---

[1] Wharton also complains about the general conditions of his confinement, specifically the methods and procedures of the Bureau of Prisons regarding COVID practices.  "[A]llegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."  Schipke v. Van Buren, 239 F. App'x 85, 85-86 (5th Cir. 2007).  Title 42 U.S.C. § 1983 is used to challenge conditions of confinement.  See Poree v. Collins, 866 F.3d 235, 242-43 (5th Cir. 2017).

[2] Wharton himself acknowledges that "[r]ehabilitation efforts of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release.  28 U.S.C. § 994(t); see also Record Document 376 at 5-6.

Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where

the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. §

3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after

administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling

reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy

statements issued by the Sentencing Commission."

   The Sentencing Commission addressed in a policy statement what qualifies as

"extraordinary and compelling reasons" to release a defendant from BOP custody.  See U.S.S.G.

§ 1B1.13.[3]  However, the Fifth Circuit Court of Appeals recently held that this policy statement

does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. §

3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons.  See United

States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi

court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always,

the sentencing factors in § 3553(a)."  Id.  The defendant bears the burden to establish that

circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. §

_____

[3] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

   (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .

   (2)  The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

   (3)  The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

3582(c)(1)(A)(i).  See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

As previously mentioned, medical records reveal that Wharton received both doses of the Moderna COVID-19 vaccine, in addition to a booster shot.  See Record Document 380, Ex. 2.  In the Fifth Circuit, courts have denied early release to inmates with a variety of medical conditions who, like Wharton, have been vaccinated for COVID-19.  See United States v. Parham, No. 19-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); United States v. Leavell, No. 07-202, 2021 WL 1517912, at *3 (E.D. La. April 16, 2021); United States v. Moore, No. 7-60, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021).  Here, Wharton has not demonstrated extraordinary and compelling reasons for compassionate release.  He notes his age (60) and that he is a two-time survivor of cancer (malignant melanoma) and contends that he is entitled to compassionate release because of his heightened risk for mortality should he contract COVID-19.  Notably, Wharton has since contracted COVID-19 and survived, although he does complain of lingering side effects. Although Wharton notes that he was vaccinated and still contracted COVID-19, the Court notes that the vaccine was not intended to prevent all cases of COVID-19, but instead to lower the mortality rate from the contraction of the disease.  Furthermore, there is simply no record evidence as to the severity of his conditions or the extent to which such conditions impair Wharton's ability

4

to care for himself.  Wharton has failed to establish that extraordinary and compelling reasons exist

to release him from prison.

The Court has also looked at the presence of COVID-19 at USP Lewisburg.  There is one

inmate who is currently testing positive out of 1,034 total inmates.[4]  There are no staff members

currently testing positive.  http://www.bop.gov/coronavirus (last updated 4/4/22).  Courts have

held that "mere existence of COVID-19 in society and the possibility that it may spread to a

particular prison alone cannot independently justify compassionate release, especially considering

BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."

United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See, e.g., United States v. Clark, 451

F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to

COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in

sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020)).

Wharton has not shown that inmates are currently not receiving adequate medical attention if they

contract the virus.  Additionally, Wharton has not shown that the BOP is currently unable to

adequately manage the COVID situation.  This Court cannot equate the generalized fear of

COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will

it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[5]

---

[4] One inmate has died from the virus.  No staff members have died from the virus.
www.bop.gov/coronavirus (last updated 4/4/22).

[5] Assuming that Wharton is also requesting release to home confinement, this request is also
**DENIED**, as the decision on whether to release an inmate to home confinement is within the
exclusive purview of the Bureau of Prisons.  See 18 U.S.C. § 3621(b); United States v. Read-
Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the
BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic,
the Court lacks jurisdiction to order home detention under this provision."); United States v.
Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

Considering that Wharton has received his COVID vaccinations and his booster shot, and the low number of cases at USP Lewisburg, he has failed to establish the existence of sufficient reasons based on his medical conditions, age, or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief.  Therefore, the Court finds that Wharton has not met his burden.

Even assuming that Wharton had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a).  Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a).

The Court finds that Wharton has not demonstrated that he qualifies for compassionate release under these guidelines.  Wharton was sentenced by this Court for the foreign murder of a United States national, conspiracy to kill in a foreign country, fraud via interstate carrier, mail fraud, and wire fraud.  These convictions arose from the murder of Wharton's wife, Sheila Webb Wharton, in Haiti, and Wharton's subsequent efforts to collect the proceeds of life insurance policies for which he was the beneficiary.  Although Wharton has served twenty-one years thus far, this time constitutes only a fraction of the two concurrent life sentences that he received from this Court.  In light of these, and other facts, to reduce Wharton's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.  Accordingly, the Section 3553(a) factors weigh against granting relief.

The Court shares Wharton's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court.  The BOP is taking action to address COVID-19 concerns in its facilities.  Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk.  The BOP currently has 5,934 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 40,318. https://www.bop.gov/coronavirus/ (last updated 4/4/22).

While this Court recognizes Wharton's lack of disciplinary infractions while incarcerated and his noteworthy and admirable rehabilitation efforts, the sum of the Section 3553 factors do not support a finding that Wharton is no longer a danger to any person or to the community based on the facts of his offenses of conviction.  Simply stated, Wharton has failed to make a showing of extraordinary and compelling reasons warranting compassionate release, nor does a consideration of the Section 3553 factors indicate that release is appropriate.

For the foregoing reasons, **IT IS ORDERED** that Wharton's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 5th day of April, 2022.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE